## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

**JOSE M. RIVERA,**
     Applicant,

     v.

**UNITED STATES OF AMERICA,**
     Respondent.

No. 3:03-cr-242 (SRU)
No. 3:13-cv-1742 (SRU)

## ORDER

Defendant Jose M. Rivera is serving a term of 180 months of imprisonment on his conviction of being a felon unlawfully in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). After receiving authorization from the Court of Appeals, Rivera has returned to this court with a successive Motion to Vacate, Set Aside or Correct Sentence, brought under 28 U.S.C. § 2255.

When Rivera was initially sentenced in 2004, the Probation Office recommended that he be treated as an Armed Career Criminal subject to the statutory minimum of 15 years' imprisonment under 18 U.S.C. § 924(e) (the Armed Career Criminal Act, or "ACCA"), on the basis of three predicate convictions: (1) possession of narcotics with intent to sell; (2) second degree assault; and (3) first degree escape. I agreed with Rivera that the Connecticut escape conviction did not constitute a "violent felony" under the ACCA and sentenced him to 120 months in prison.

On appeal, the Second Circuit affirmed Rivera's conviction and determined that, under its precedent in *United States v. Jackson*, 301 F.3d 59 (2d Cir. 2002), Rivera's conviction for escape fell into the residual clause of the ACCA. *United States v. Rivera*, 127 F. App'x 543 (2d Cir. Apr. 6, 2005). Accordingly, the Court vacated Rivera's 120-month sentence and remanded for

resentencing pursuant to Section 924(e). On remand on June 28, 2995, I imposed a sentence of 180 months—the statutory mandatory minimum sentence under the ACCA—to be followed by five years of supervised release. (No. 3:03-cr-242, Doc. No. 65) Judgment entered the following day.

Rivera's present section 2255 motion invokes the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015), holding that the residual clause of the Armed Career Criminal Act is void for unconstitutional vagueness. Absent the application of the ACCA, Rivera would be subject to a maximum sentence of 10 years rather than a minimum of 15 years. The government concedes that the Connecticut escape conviction, one of the three prior convictions that were relied upon to trigger the ACCA, can no longer be considered qualifying, given that the Act's residual clause has been held unconstitutional. (No. 3:13-cv-1742, Doc. No. 10) Moreover, I agree with the parties that *Johnson* has announced a new rule of constitutional law that should apply retroactively to cases on collateral review. *See Price v. United States*, 795 F.3d 731, 734–35 (7th Cir. 2015). The government therefore does not oppose the granting of Rivera's section 2255 motion, and urges me to resentence Rivera to the 120-month statutory maximum that applies to Rivera's conviction in the absence of ACCA status.

Rivera's successive motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (No. 3:03-cr-242, Doc. No. 99; No. 3:13-cv-1742, Doc. No. 9) is GRANTED. Rivera's immediate release is ordered, because he has now served more than the statutory maximum for the offense of conviction. An Amended Judgment will be separately entered, reducing Rivera's term of imprisonment from 180 months to 120 months. All other provisions of the Judgment dated June 28, 2005 (No. 3:03-cr-242, Doc. No. 65) will remain in effect. The Clerk shall

provide copies of this order and of the Amended Judgment to Rivera at the institutional address

from which his recent motions were received, and to the Bureau of Prisons by fax or email.

       So ordered.

Dated at Bridgeport, Connecticut, this 6th day of October.

                         /s/ STEFAN R. UNDERHILL
                         Stefan R. Underhill
                         United States District Judge